UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSE MANUEL BARTOLOME-MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00218-JPH-MJD |
| | ) | |
| MARKWAYNE MULLIN, | ) | |
| PAMELA BONDI, | ) | |
| SAMUEL OLSON, | ) | |
| BRISON SWEARINGEN, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Jose Manuel Bartolome-Martin is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on March 19, 2026, and was detained at Clay County Jail in Brazil, Indiana, before being transferred to Hopkins County Jail in Kentucky.[1] He petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release or a bond hearing where the government bears the burden of proof. For the reasons explained below, the Court grants the petition to the extent that **no later than 5:00 p.m. on April 9, 2026**, Respondents must either: (1) afford Mr. Bartolome-Martin an

---

[1] Mr. Bartolome-Martin filed his Petition on March 27, 2026, dkt. 1, and the Department of Homeland Security transferred Mr. Bartolome-Martin to the Hopkins County Jail in Madisonville, Kentucky, several days later. Dkt. 6-7 (Detention History). A "prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction." *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021); *Ex parte Endo*, 323 U.S. 283, 304–05 (1944) (explaining that a prisoner's transfer while litigation is pending does not have to re-file the habeas petition in the new district). Here, the Petition was pending when DHS transferred Mr. Bartolome-Martin, so the Court has jurisdiction over the Petition.

individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a); or (2) release him from custody, under reasonable conditions of supervision.

## I.   Background

Mr. Bartolome-Martin is a citizen of Guatemala who first entered the United States without admission or parole in January 2019. Dkt. 6-1 at 3 (ERO Narrative). Federal immigration agents arrested Mr. Bartolome-Martin, processed him for expedited removal, and removed him in February 2019. *Id.*

On October 31, 2023, federal immigration agents arrested Mr. Bartolome-Martin around Sasabe, Arizona. *Id.* Immigration agents served Mr. Bartolome-Martin with a Notice to Appear, initiating full removal proceedings pursuant to 8 U.S.C. § 1229a. Dkt. 6-4 at 2 (Notice to Appear). The Notice charged Mr. Bartolome-Martin as "subject to removal" per § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") because he is "an alien present in the United States who has not been admitted or paroled after inspection by an Immigration Officer." *Id.* That same day, Mr. Bartolome-Martin was released on an Order of Release on Recognizance ("OREC") pursuant to 8 U.S.C. § 1226. Dkt. 6-2 (OREC). Since then, Mr. Bartolome-Martin has lived and worked in Indiana. Dkt. 1 ¶ 7.

On March 19, 2026, federal immigration agents and local police arrested Mr. Bartolome-Martin in Seymour, Indiana, after conducting a vehicle stop and determining that he did not have necessary immigration documents to remain in the United States. Dkt. 6-1 at 3. He was served with a Warrant for Arrest of Alien (Form I-200), which authorized the immigration officer to take him into

2

custody under 8 U.S.C. § 1226. *Id.*; *see* dkt. 6-3. Mr. Bartolome-Martin was transferred to Clay County Jail on March 20. Dkt. 6-7. That same day, ICE Assistant District Director Anthony Cambisi issued a memorandum cancelling Mr. Bartolome-Martin's OREC. Dkt. 6-5.

On March 30, Mr. Bartolome-Martin was transferred to Hopkins County Jail in Kentucky, where he remains detained. Dkt. 6-7.

## II.    Discussion

Mr. Bartolome-Martin claims that his current detention violates the Due Process Clause of the Fifth Amendment (Count I) and the INA (Count II). Dkt. 1 ¶¶ 60–74. Respondents argue that Mr. Bartolome-Martin's detention comports with due process and that he is lawfully detained under 8 U.S.C. § 1225(b)(2)(A). Dkt. 6.

The Court finds that Mr. Bartolome-Martin's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Bartolome-Martin is entitled to habeas corpus relief on these grounds, the Court does not address his other arguments.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. Although "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez,* 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229(a), also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

> Section 1226(a) provides:
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on—
>>
>>> (A) bond . . . ; or
>>>
>>> (B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8); 8 C.F.R. § 1003.19(d). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or

property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission is not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Bartolome-Martin Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The Court has previously determined that, considering § 1225 as a whole,

the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than to undocumented aliens like Mr. Bartolome-Martin who have lived in the interior of the United States for years. *See Alejandro v. Olson,* No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen,* Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.,* No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026); *see also Singh v. Bondi,* No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). As the Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[2]

The Respondents cite two recent circuit court decisions upholding the government's interpretation of § 1225(b)(2)(A). Dkt. 6 at 12–13 (citing *Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 503 (5th Cir. 2026); *Avila v. Bondi,* No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026)). In the Fifth Circuit, *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. In the Eighth Circuit, the *Avila* court similarly held that the meanings of "applicant for admission" and "seeking

---

[2] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Alejandro,* 2025 WL 2896348, at *14–19; *Jackson Rizo,* No. 2:26-cv-00026-JPH-MKK, and *Corzo Martinez* No. 2:26-cv-00003-JPH-MKK.

6

admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." No. 25-3248, 2026 WL 819258, *3 (8th Cir. Mar. 25, 2026)).

These decisions are not binding on this Court. Moreover, the Court is not convinced that the Seventh Circuit will follow *Buenrostro-Mendez* or *Avila* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[3] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Bartolome-Martin. Federal agents arrested Mr. Bartolome-Martin at or near the U.S.-Mexico border in 2023 and then issued him a Notice to Appear for full removal proceedings since he had not been "admitted or paroled after inspection by an Immigration Officer." Dkt. 6-2. Then, the government released Mr. Bartolome-Martin subject to an order that explicitly cited the authority of § 1226. More than two years later, the government once again arrested Mr. Bartolome-Martin by serving him with a warrant that explicitly

---

[3] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' — F.4th —, 2025 WL 3552514, at *8. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

7

authorized his detention under § 1226. Though this agency action by itself is not dispositive, it demonstrates that the government's current authority to detain Mr. Bartolome-Martin stems from § 1226, not § 1225(b)(2)(A). Given the government's treatment of Mr. Bartolome-Martin, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh*, 2025 WL 3029524, at *6 (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025)); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

Furthermore, the facts here are quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. *See Buenrostro-Mendez*, 2026 WL 323330, at *3 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). In *Avila*, the petitioner was served with a Notice to Appear, but the record is silent as to whether he was arrested pursuant to an administrative warrant. *Avila*, No. 25-3248, 2026 WL 819258, at *1. In *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which Respondents briefly reference, the petitioner was subject to a warrantless arrest. In contrast, Mr.

Bartolome-Martin was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez*, *Avila*, and *Cruz Rodriguez* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Bartolome-Martin's detention is authorized only by § 1226(a), entitling him to consideration of bond. Accordingly, his continued detention without consideration of bond violates the INA, and he is entitled to habeas corpus relief. The Court therefore concludes that Mr. Bartolome-Martin is entitled to a bond hearing under § 1226.

### III.   Scope of Relief

Mr. Bartolome-Martin asks the Court to order his immediate release. Dkt. 1 ¶ 73. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). Here, the Court finds that it would not be in the interests of justice to order Mr. Bartolome-Martin's immediate release and instead orders Respondents to provide him with a bond hearing. Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Bartolome-Martin's detention without consideration of bond is contrary to law because his detention is authorized by § 1226(a). Mr. Bartolome-Martin's custody is therefore unlawful only to the extent the government refuses to consider whether he may be released as the law requires.

## IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on April 9, 2026**, Respondents must either: (1) provide Mr. Bartolome-Martin with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Bartolome-Martin from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on April 10, 2026**, Respondents must file documentation certifying that they have provided Mr. Bartolome-Martin with a bond hearing or released him.

Because the warden of the Hopkins County Jail (Mr. Bartolome-Martin's current place of detention) is not a party to this action, the Court orders Mr. Bartolome-Martin to file within **24 hours** (1) a motion to add the warden of the Hopkins County Jail as a respondent, and (2) a certification that he has served a copy of this Order on the warden.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 4/7/2026

*James Patrick Hanlon*
_____
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-Registered Counsel of Record

10